IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50961
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES EDWARD PRICE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(98-CR-54)
- - - - - - - - - -

May 7, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Defendant-Appellant James Edward Price appeals from his
conviction of carrying a firearm during and in relation to a drug-
trafficking offense. Price contends that the evidence was
insufficient to prove a nexus between his carrying of firearms and
his drug-trafficking offense; that the district court erred by
failing to instruct the jury properly regarding the "in relation
to" element of his offense; and that the district court should have
required the jury to deliberate anew after it returned a verdict
form that was altered.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The evidence presented at Price's trial was sufficient for the jury to find beyond a reasonable doubt that the handgun in the center console of Price's pickup had some purpose or effect with respect to his drug-trafficking offense. *United States v. Schmalzried*, 152 F.3d 354, 357 (5th Cir. 1998). The handgun was located close to Price in the pickup. Investigator Powell's testimony indicated that drug traffickers commonly used firearms to protect themselves and that the handgun taken from the pickup was of a type commonly used by drug traffickers.

The instructions given by the jury regarding the "in relation to" element of the offense, to which Price did not object at trial, do not rise to the level of plain error. The instruction essentially restates the elements of the offense as set forth in 18 U.S.C. § 924(c). Given the instruction that the carrying of the firearm must be "in relation to" the drug offense, it is unlikely that the jury would have convicted Price had it believed his testimony regarding his purposes for possessing the firearms. Price therefore has failed to demonstrate that the court's failure to use the pattern instructions caused the likelihood of a grave miscarriage of justice. *United States v. Jones*, 673 F.2d 115, 119 (5th Cir. 1982).

Finally, the modified verdict form was correct, as was the district court's instruction regarding the form. *United States v. Garcia*, 135 F.3d 951, 956 (5th Cir.), *cert. denied*, 118 S. Ct. 2386 (1998). The district court's additional instruction was not an abuse of discretion, *Roberts v. Williams-McWilliams Co.*, 648 F.2d

2

255, 265 (5th Cir. 1981), and no further deliberation was required simply because the verdict form was modified.

AFFIRMED.